# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TYRONE HAMPTON,<br><br>    Plaintiff,<br><br>  v.<br><br>ROBERT HEUN,<br><br>    Defendant. | Case No. 3:25-cv-00041-SLG |

## ORDER OF DISMISSAL UPON SCREENING & NOTICE OF STRIKE

On February 20, 2025, self-represented prisoner Tyrone Hampton ("Plaintiff") filed a civil complaint and a civil cover sheet.[1] On February 25, 2025, Plaintiff paid the filing fee.[2] Plaintiff's Complaint alleges that on or about March 12, 2024, U.S. Marshal Robert Heun[3] ("Defendant") violated his due process rights. Plaintiff claims the warrant for his arrest on October 20, 2022 was executed at the direction of Defendant, and that Plaintiff has since been detained at the Anchorage Correctional Center ("ACC")[4] in the custody of the Alaska Department of Corrections ("DOC").[5] Plaintiff's Complaint alleges that on or about March 12,

---

[1] Dockets 1-2.

[2] Filing fee: $405, receipt number 100021971.

[3] "As the U.S. Marshal, Heun oversees the operations of all District of Alaska management matters to include prisoner operations, warrant and fugitive investigations, judicial security, air operations, asset forfeiture operations and administrative functions." District of Alaska, U.S. Marshals Service, https://www.usmarshals.gov/local-districts/district-of-alaska.

[4] Docket 1.

[5] Federal prisoners in Alaska are housed in state Department of Corrections (DOC) facilities because there is no federal pretrial detention center in Alaska. This is the result of a longstanding intergovernmental agreement between the U.S. Marshals Service and the Alaska DOC. *See* 18 U.S.C. § 4013 (allowing the USMS to contract with state/local jails for detention

2024, Plaintiff was taken from ACC to the Alaska Regional Medical Center via an ambulance for medical treatment.[6] The Court takes judicial notice[7] that Plaintiff has a pending case alleging inadequate medical care against the ACC Superintendent and two DOC employees regarding the events leading up to the ambulance transport.[8] In this case, Plaintiff claims he received a bill from the Anchorage Fire Department for $986.00 for the ambulance service.[9] The unpaid bill was sent to the Professional Credit Service, negatively impacting his credit.[10] For relief, Plaintiff seeks monetary damages and to be removed from DOC custody.[11]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a claim for which relief may be granted. The Court further finds that amendment would be futile. Therefore, the Complaint is DISMISSED without leave to amend. This dismissal counts as a "strike" under 28

---

space).

[6] Docket 1 at 3.

[7] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024). A court may take judicial notice of its own files and records. Fed. R. Evid. 201. The Court's online docket records may be accessed by the public online at pacer.uscourts.gov or without a PACER login and password at the Clerk's Office during regular business hours.

[8] *Hampton v. Hernandez, et al.,* Case No. 3:23-cv-00234-SLG.

[9] Docket 1 at 4; Docket 1-1 at 2; Docket 1-5 at 2; Docket 1-6 at 2.

[10] Docket 1 at 4.

[11] Docket 1 at 9.

Case No. 3:25-cv-00041-SLG, *Hampton v. Heun*
Order of Dismissal Upon Screening & Notice of Strike
Page 2 of 10
Case 3:25-cv-00041-SLG     Document 4     Filed 07/08/25     Page 2 of 10

U.S.C. §1915(g), which may limit Plaintiff's ability to bring future cases under Section 1983 in federal court.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the filing fee has been paid.[12] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[13]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[14] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[15] Although the scope of review generally is limited

---

[12] 28 U.S.C. §§ 1915, 1915A.

[13] 28 U.S.C. § 1915(e)(2)(B).

[14] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[15] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Case No. 3:25-cv-00041-SLG, *Hampton v. Heun*
Order of Dismissal Upon Screening & Notice of Strike
Page 3 of 10
Case 3:25-cv-00041-SLG    Document 4    Filed 07/08/25    Page 3 of 10

to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[16] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[17]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[18] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[19]

## DISCUSSION

### I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[20] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[21] To determine whether a complaint

---

[16] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[17] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[18] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[19] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[20] Fed. R. Civ. P. 8(a)(2).

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S.

Case No. 3:25-cv-00041-SLG, *Hampton v. Heun*
Order of Dismissal Upon Screening & Notice of Strike
Page 4 of 10
Case 3:25-cv-00041-SLG   Document 4   Filed 07/08/25   Page 4 of 10

states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[22] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[23]

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[24] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[25] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[26] Section 1983 does not confer

---

544, 555 (2007)).

[22] *Id.* (quoting *Twombly*, 550 U.S. at 570). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[23] *Ashcroft,* 556 U.S. at 678.

[24] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[25] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[26] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

Case No. 3:25-cv-00041-SLG, *Hampton v. Heun*
Order of Dismissal Upon Screening & Notice of Strike
Page 5 of 10
Case 3:25-cv-00041-SLG     Document 4     Filed 07/08/25     Page 5 of 10

constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[27]

Section 1983 provides a statutory cause of action for individuals to sue state or local officials, but not federal actors. Defendant, a U.S. Marshal, is a federal actor, and therefore, Plaintiff cannot proceed on any claims against him under Section 1983.

### III. Claims against federal agents

Claims against detention facilities, federal agencies, or federal agents in an official capacity are barred by sovereign immunity.[28] A plaintiff may bring a *Bivens* action against a federal agent in his individual capacity for monetary damages but only in limited circumstances.[29] A *Bivens* action is a "disfavored judicial activity,"[30] and the U.S. Supreme Court has only recognized three types of *Bivens* actions: Fourth Amendment violations (unreasonable searches and seizures), Fifth Amendment violations (gender discrimination), and Eighth Amendment violations (cruel and unusual punishment).[31] Claims outside these contexts, such as those involving new constitutional rights or categories of

---

[27] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[28] *United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued..."). *See also Gillespie v. Civiletti,* 629 F.2d 637 (1980) (*Bivens* applies only to individual federal officers).

[29] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

[30] *Ziglar v. Abbasi,* 582 U.S. 120, 136 (2017) (internal quotation and citation omitted).

[31] *Bivens,* 312 U.S. 584; *Davis v. Passman,* 442 U.S. 228 (1979); *Carlson v. Green,* 446 U.S. 14. (1980).

Case No. 3:25-cv-00041-SLG, *Hampton v. Heun*
Order of Dismissal Upon Screening & Notice of Strike
Page 6 of 10
Case 3:25-cv-00041-SLG    Document 4    Filed 07/08/25    Page 6 of 10

defendants, require courts to conduct a "special factors" analysis to determine whether judicial intervention is appropriate.[32]

### IV. Screening Review of Plaintiff's Claims

In this case, Plaintiff is contesting a bill he received from a local emergency medical service agency for ambulance ride based on events that occurred while he was in DOC custody, and he claims his rights are being violated by the fact that he is being held in a state facility "below the standards of a federal facility" at all.[33] Plaintiff cannot maintain a claim against Defendant for policy-level decisions, such as housing federal pretrial detainees in state facilities.[34] Similarly, although the Marshals Service retains the ultimate responsibility for the custody and oversight of pretrial detainees in state facilities,[35] Plaintiff has not pleaded sufficient facts to demonstrate that Defendant had any knowledge or participation in the alleged events at DOC resulting in his ambulance transport, and therefore, he cannot bring a claim against Defendant in an individual capacity.[36]

Plaintiff may be able to ask DOC or the Marshals Service to clarify payment responsibility for the ambulance, seek to recover the cost of the ambulance ride in

---

[32] *Ziglar v. Abbasi,* 582 U.S. 120 (2017).

[33] Docket 1 at 3-4.

[34] *Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 74 (2001) (noting that a *Bivens* action is not "a proper vehicle for altering an entity's policy."); *see also Rivera v. Corr. Corp. of Am.,* 999 F.3d 647, 649 (9th Cir. 2021) (recognizing that because the Marshals Service does not own or operate any detention facilities, it places those in its custody in facilities run by other entities).

[35] 28 C.F.R. § 0.111. *See also U.S. v. Mujahid,* 799 F.3d 1228 (2015).

[36] *Meyer,* 510 U.S. at 485 ("[T]he purpose of Bivens is to deter the officer.").

Case No. 3:25-cv-00041-SLG, *Hampton v. Heun*
Order of Dismissal Upon Screening & Notice of Strike
Page 7 of 10
Case 3:25-cv-00041-SLG    Document 4    Filed 07/08/25    Page 7 of 10

his pending Section 1983 case, dispute the debt under the Fair Debt Collection Practices Act,[37] and/or dispute the credit reporting under the Fair Credit Reporting Act.[38] However, a federal court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim,[39] and it is not a court's responsibility to review filings or exhibits to identify possible claims. A federal civil rights complaint must allege that the plaintiff suffered a specific injury to his constitutional or federal statutory rights as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[40]

Here, Plaintiff has not pleaded sufficient facts to state a plausible claim against Defendant. Because no additional facts could possibly cure the pleading deficiencies, the Court finds that. amendment would be futile [41] For these reasons, the Court must dismiss Plaintiff's claims without leave to amend. This dismissal counts as "strike" under 28 U.S.C. §1915(g).

### V. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous

---

[37] 15 U.S.C. § 1692 –1692p.

[38] 15 U.S.C. § 1681 et seq.

[39] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[40] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[41] *Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1041 (9th Cir. 2011).

Case No. 3:25-cv-00041-SLG, *Hampton v. Heun*
Order of Dismissal Upon Screening & Notice of Strike
Page 8 of 10
Case 3:25-cv-00041-SLG   Document 4   Filed 07/08/25   Page 8 of 10

or malicious or fails to state a claim upon which relief may be granted[.]"[42] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[43] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[44] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[45] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[46] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[47]

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED with prejudice.**

2. All pending motions are **DENIED as moot.**

---

[42] 28 U.S.C.A. § 1915(g).

[43] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[44] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[45] *Andrews,* 493 F.3d at 1056 (cleaned up).

[46] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[47] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

Case No. 3:25-cv-00041-SLG, *Hampton v. Heun*
Order of Dismissal Upon Screening & Notice of Strike
Page 9 of 10
Case 3:25-cv-00041-SLG     Document 4     Filed 07/08/25     Page 9 of 10

3. This dismissal counts a "strike."

4. The Clerk shall issue a final judgment and close this case.

DATED this 8th day of July, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-00041-SLG, *Hampton v. Heun*
Order of Dismissal Upon Screening & Notice of Strike
Page 10 of 10
Case 3:25-cv-00041-SLG   Document 4   Filed 07/08/25   Page 10 of 10